UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY LASSIC, SHAUN DORCH, CLARENCE CARMICHAEL, ANTONIO KING, and ANTONIO ROBERTS, Plaintiffs, v. ZIMMER HESTER FURNITURE LIQUIDATION, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No.: 2:06CV69-A  Complaint and Jury Demand |

RECEIVED 2006 JAN 24 P 3:03

DEBRA P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT AL.

## COMPLAINT

COME NOW the Plaintiffs against the above-captioned defendant and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiffs file this Complaint and invoke the jurisdiction of this Court under and 42 U.S.C. § 1981, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiffs' rights as guaranteed by the Constitution of the United States, and by federal law.

2. The violations of Plaintiffs' rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Henry Lassic (hereinafter, "Lassic"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, Black, and a citizen of the United

States and the State of Alabama, residing in Montgomery County, Alabama.

4. Plaintiff Shaun Dorch (hereinafter, "Dorch"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, Black, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

5. Plaintiff Clarence Carmichael (hereinafter, "Carmichael"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, Black, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

6. Plaintiff Antonio Roberts (hereinafter, "Roberts"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, Black, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

7. Plaintiff Antonio King (hereinafter, "King"), who is over the age of 19 years, is and was at all times material hereto a member of a protected class, Black, and a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama.

8. Defendant Zimmer Hester Furniture Liquidation (hereinafter, "Zimmer"), a better denomination of whom is presently unknown but will be added by amendment when ascertained, is a business headquartered in the state of Connecticut doing business in Alabama, unregistered with the Alabama Secretary of State.

## NATURE OF PROCEEDINGS

9. This is a proceeding for a declaratory judgment as to Plaintiffs' rights and for a permanent injunction, restraining the defendant from maintaining a policy, practice, custom or usage of discrimination against Plaintiffs and all others similarly situated because of race and restraining the further subjection of Plaintiffs to disparate treatment with respect to the making and enforcement of contracts. The Complaint also seeks restitution to the Plaintiffs

of all rights, privileges, and benefits that would have been received by Plaintiffs but for the defendant's unlawful and discriminatory practices. Further, Plaintiffs seek compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein. Further, Plaintiffs seek such equitable relief, costs, and fees, as to which they may be entitled.

10. Plaintiffs aver that the defendant, by and through its agents, acted to deny Plaintiffs their rights under the laws of the United States of America and the State of Alabama and that such action was designed to discriminate against Plaintiffs who are members of a protected class, Black.

11. Plaintiffs aver that the defendant's actions were designed to prevent them and others similarly situated from obtaining an equality with non-protected group members in the making and enforcement of contracts, specifically employment contracts.

12. As a proximate result of the illegal actions alleged above, Plaintiffs have been damaged in that they have been deprived of the right to gainful employment with the employer of their choosing, as well as caused to suffer financial loss, great humiliation, pain, suffering, and mental anguish from then until now.

13. Plaintiffs aver that the defendant acted to create a hostile environment with the specific intent or the result to deprive Plaintiffs of their rights as alleged above and to cause Plaintiffs to be damaged and to discriminate against them because of their race, Black, and that the defendant is aware of such hostile environment and has failed to either prevent or correct it.

## FACTS

14. Plaintiffs expressly adopt as if fully set forth herein the allegations in each of the foregoing paragraphs.

15. During 2005, Defendant contracted to sell, liquidate, market and merchandise furniture and

accessories for Rhodes Furniture in Montgomery, Alabama.

16. Defendant hired the plaintiffs as warehouse workers and general laborers.

17. At all times relevant to his employment Lassic was subjected to racial slurs, epithets and general abuse based upon his skin color, Black. On or about December 21, 2005, Lassic was fired and replaced by a White worker.

18. At all times relevant to his employment Dorch was subjected to racial slurs, epithets and general abuse based upon his skin color, Black. In early October, 2005, Dorch was fired and replaced by a White worker.

19. At all times relevant to his employment Carmichael was subjected to racial slurs, epithets and general abuse based upon his skin color, Black. On or about December 21, 2005, Carmichael was fired and replaced by a White worker.

20. At all times relevant to his employment Roberts was subjected to racial slurs, epithets and general abuse based upon his skin color, Black. On or about December 15, 2005, Roberts was forced to resign and replaced by a White worker.

21. At all times relevant to his employment King was subjected to racial slurs, epithets and general abuse based upon his skin color, Black. On or about late October, 2005, King was forced to resign and replaced by a White worker.

22. Plaintiffs were terminated, either actually or constructively, from their respective positions with Zimmer at the direction of agents and employees of the defendant.

23. Plaintiffs were terminated, either actually or constructively, solely because of their race, Black.

24. Plaintiffs' positions of employment were immediately filled by Whites.

## CAUSES OF ACTION

25. As to the cause of action set forth below, Plaintiffs expressly adopt as if fully set forth herein the allegations of each and all of the preceding paragraphs.

### COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

26. Plaintiffs claim that the acts complained of herein impaired their rights under 42 U.S.C. § 1981, specifically that the acts of discrimination affected the making of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationships enjoyed with Zimmer

27. Plaintiffs aver that those benefits, privileges, terms and conditions of which Plaintiffs were either deprived or whose right to same was impaired by acts of discrimination, were enjoyed by White persons.

28. Plaintiffs aver that the discrimination complained of is causally connected to their race, Black.

29. As a result of the violations of Plaintiffs' rights under 42 U.S.C. § 1981, Plaintiffs have been damaged and claim entitlement to any and all relief as may be afforded them to redress said wrongs.

30. Plaintiffs maintain that the defendant's employees and/or agents are directly liable under 42 U.S.C. § 1981 for the deliberate and intentional acts.

31. Plaintiffs maintain alternately that Defendant is liable under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

## PRAYER FOR RELIEF

WHEREFORE THE PREMISES CONSIDERED, Plaintiffs pray that the Court will:

a) Enter a declaratory judgment that the discriminatory practices complained of herein

are unlawful and violative of 42 U.S.C. § 1981;

b) Under 42 U.S.C. §1981, permanently enjoin defendants, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, particularly further discrimination and retaliation as against Plaintiffs, and from continuing any and all other practices shown to be in violation of applicable law;

c) Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law that it not discriminate on the basis of race;

d) Grant Compensatory damages to Plaintiffs of Three Hundred Thousand Dollars, each;

e) Grant Punitive damages to Plaintiffs in an amount to be determined by the trier of facts;

f) Grant Plaintiffs the costs of this action including reasonable attorney's fees.

g) Grant such other, further and different relief as this Court may deem just and proper to include all other equitable and legal relief as to which they may be entitled.

RESPECTFULLY SUBMITTED on this the 15th day of January, 2006.

_____
ANDY NELMS (NEL022)
JAY LEWIS (LEW031)
Plaintiffs' Attorneys

OF COUNSEL:

Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)

### *PLAINTIFFS DEMAND TRIAL BY STRUCK JURY*

**The Defendant may be served at the following address:**

**Zimmer Hester Furniture Liquidation**

**9 Moody Road**

**Building O, Suite 18**

**Enfield, Connecticut 06082**