# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| HENRY LASSIC, SHAUN DORCH, CLARENCE CARMICHAEL, ANTONIO KING, and ANTONIO ROBERTS | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION NO.: 2:06cv69-A<br>) |
| ZIMMER HESTER FURNITURE LIQUIDATION, | ) Judge Harold Albritton<br>)<br>) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

**COMES NOW** the defendant Zimmer Hester Furniture Liquidations, Inc. (incorrectly identified in the Complaint as Zimmer Hester Furniture Liquidation), (hereinafter "Defendant") and answers the Complaint as follows:

### JURISDICTION AND VENUE

1.   Defendant admits that Plaintiffs seek to invoke the statutes and laws cited in paragraph 1 of the Complaint and that this Court has *in personam* and subject matter jurisdiction, but denies that Plaintiffs are entitled to any relief whatsoever.

2.   Defendant admits only that the events giving rise to Plaintiffs' claims occurred in Montgomery County, Alabama and that venue is proper in the Middle District of Alabama, Northern Division. The remaining allegations in paragraph 2 of the Complaint are denied.

**PARTIES**

3.  Defendant admits only that Lassic is an African American citizen of the United States. Defendant is without sufficient information to determine the truthfulness of the remaining allegations of paragraph 3 of the Compliant, so they are denied pending discovery.

4.  Defendant admits only that Dorch is an African American citizen of the United States. Defendant is without sufficient information to determine the truthfulness of the remaining allegations of paragraph 4 of the Compliant, so they are denied pending discovery.

5.  Defendant admits only that Carmichael is an African American citizen of the United States. Defendant is without sufficient information to determine the truthfulness of the remaining allegations of paragraph 5 of the Compliant, so they are denied pending discovery.

6.  Defendant admits only that Roberts is an African American citizen of the United States. Defendant is without sufficient information to determine the truthfulness of the remaining allegations of paragraph 6 of the Compliant' so they are denied pending discovery.

7.  Defendant admits only that King is an African American citizen of the United States. Defendant is without sufficient information to determine the truthfulness of the remaining allegations of paragraph 7 of the Compliant, so they are denied pending discovery.

8.  Defendant is a corporation incorporated under the laws of the State of Florida and maintains its principal place of business there. Defendant did business in Montgomery, Alabama during 2005 on a temporary basis for the sole purpose of conducting a bankruptcy liquidation sale of the inventory of Rhodes Furniture Company, which has since ceased to do business. The remaining allegations of paragraph 8 of the Complaint are denied.

**NATURE OF PROCEEDINGS**

9.  The allegations in paragraph 9 of the Complaint are denied.

10. The allegations in paragraph 10 of the Complaint are denied.

11. The allegations in paragraph 11 of the Complaint are denied.

12. The allegations in paragraph 12 of the Complaint are denied.

13. The allegations in paragraph 13 of the Complaint are denied.

## FACTS

14. All allegations in paragraphs 1-13 of the Complaint not specifically admitted hereinabove are denied.

15. Defendant admits that during 2005, it contracted to liquidate the inventory of Rhodes Furniture Company, which formerly did business in Montgomery, Alabama.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 of the Complaint are denied.

18. The allegations in paragraph 18 of the Complaint are denied.

19. The allegations in paragraph 19 of the Complaint are denied.

20. The allegations in paragraph 20 of the Complaint are denied.

21. The allegations in paragraph 21 of the Complaint are denied.

22. The allegations in paragraph 22 of the Complaint are denied.

23. The allegations in paragraph 23 of the Complaint are denied.

24. The allegations in paragraph 24 of the Complaint are denied.

## CAUSES OF ACTION

25. All allegations in paragraphs 1-24 not specifically admitted hereinabove are denied.

## COUNT I
## RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

26. The allegations in paragraph 26 of the Complaint are denied.

27. The allegations in paragraph 27 of the Complaint are denied.

28. The allegations in paragraph 28 of the Complaint are denied.

29. The allegations in paragraph 29 of the Complaint are denied.

30. The allegations in paragraph 30 of the Complaint are denied.

31. The allegations in paragraph 31 of the Complaint are denied.

32. Defendant denies that Plaintiffs are entitled to any of the relief they request in the PRAYER FOR RELIEF set forth in their Complaint.

33. All allegations of the Complaint not specifically admitted hereinabove, are hereby denied.

34. In further answer to the Complaint, Defendant states that its bankruptcy court approved contract expired on or about December 31, 2005 and that it ceased doing business in Montgomery, Alabama on that date. As a consequence, Plaintiffs' employment would have terminated on or about December 31, 2005 without regard to any of the allegations of wrongdoing set forth in the Complaint, all of which Defendant denies.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The statute of limitations bars some or all of Plaintiffs' claims against Defendant.

### SECOND DEFENSE

Some or all of Plaintiffs' claims fail to state claims for which relief can be granted.

### THIRD DEFENSE

There are no similarly-situated persons of a different race than Plaintiffs who have received lesser or different discipline than did Plaintiffs for similar offenses.

**FOURTH DEFENSE**

Plaintiffs have failed to mitigate their damages, if any.

**FIFTH DEFENSE**

All employment decisions made respecting Plaintiffs were made for legitimate, non-discriminatory, non-pretextual business reasons. Defendant denies that Plaintiffs' race was a substantial contributing factor in any decision regarding their employment.

**SIXTH DEFENSE**

Assuming *arguendo* that Plaintiffs provide some evidence that they contend establishes that an adverse employment action taken against them was motivated in part by race Defendant claims the *Price Waterhouse/Mt. Healthy* defense because Plaintiffs would have been treated the same in all respects for other legitimate non-discriminatory, non-retaliatory, non-pretextual reasons. Some or all of the decisions and/or employment actions challenged as discriminatory in the Complaint would have been taken even if the Plaintiffs had not been in a protected class of individuals. Where a defendant in a "mixed motive" case proves the same decision would have been made absent the alleged bias it has a complete defense from liability under Title VII. *See, e.g., Pennington v. City of Huntsville,* 261 F.3d 1262, 1269 (11th Cir. 2001).

**SEVENTH DEFENSE**

Plaintiffs are estopped and barred from asserting claims based on racial harassment because Plaintiffs failed to avail themselves of a policy against such conduct and the protections afforded to Plaintiffs thereunder including, but not limited to, a special "hotline" for reporting perceived discrimination and/or harassment (Ex. "A").

**EIGHTH DEFENSE**

Plaintiffs are estopped and lack clean hands to seek the equitable relief they request due

to violations of conduct and work rules including, but not limited to, poor performance, poor attendance, insubordination and job abandonment.

### NINTH DEFENSE

Defendant states that it did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiffs' claims against Defendant rest on conduct that was innocent or without malice or without reckless indifference to Plaintiffs' rights, punitive damages are not recoverable.

### TENTH DEFENSE

An award of punitive damages in this case is not appropriate.

### ELEVENTH DEFENSE

To the extent that Plaintiffs' claims are fraudulently brought, they are barred.

### TWELFTH DEFENSE

To the extent that Plaintiffs' claims have been waived, they are barred.

### THIRTEENTH DEFENSE

To the extent that Plaintiffs might have been guilty of conduct, as yet unknown to Defendant or made known to Defendant after the termination of Plaintiffs' employment, which conduct would have prevented Plaintiffs' employment or caused discharge, they are barred from seeking some or all damages.

### FOURTEENTH DEFENSE

Plaintiffs complain about decisions made by different decision-makers.

### FIFTEENTH DEFENSE

Defendant pleads the "same actor" defense.

## SIXTEENTH DEFENSE

Plaintiffs are not entitled to recover any compensatory damages or punitive damages herein, and any allegations with respect thereto should be stricken, because Plaintiffs have failed to plead facts sufficient to support such damages.

## SEVENTEENTH DEFENSE

With respect to all of Plaintiffs' claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of Defendant were privileged under the law including, but not limited to, the employment-at-will doctrine.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert other defenses as discovery proceeds.


s/Henry C. Barnett, Jr.
**HENRY C. BARNETT, JR. (BAR037)**

ATTORNEY FOR DEFENDANT ZIMMER HESTER FURNITURE LIQUIDATION

OF COUNSEL:

CAPELL & HOWARD, P. C.
P.O. Box 2069
Montgomery, Alabama 36102-2069
Telephone:   (334) 241-8059
Facsimile:   (334) 323-8888

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 24th day of February 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis<br>
Keith Anderson Nelms<br>
Law Offices of Jay Lewis, LLC<br>
P.O. Box 5059<br>
Montgomery, Alabama 36103-5059

                                                s/Henry C. Barnett, Jr.
                                                OF COUNSEL

1063115.doc